Filed 6/9/15  Yanez v. Gonzalez & Farago Enterprises CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ANA MARINA PACHECO YANEZ, | B252307 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC490594) |
| v. | |
| GONZALEZ & FARAGO ENTERPRISES, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joseph Kalin, Judge.  Affirmed.

Law Offices of Martin L. Stanley, Martin L. Stanley and Jeffrey R. Lamb for Plaintiff and Appellant.

Waters, McCluskey & Boehle, Kevin G. McCluskey and Gregg W. Brugger for Defendant and Respondent.

_____

Appellant Ana Yanez appeals from the judgment entered upon the trial court's order granting respondent Gonzalez & Farago Enterprises, Inc.'s (Gonzalez & Farago) motion for summary judgment. Appellant alleged that Gonzalez & Farago breached a duty of care when it failed to inspect and repair a manual driveway gate located at appellant's husband's workplace, the Chimenti's Baking Company, and that as a result, appellant's husband was killed when the gate fell on him. The trial court granted summary judgment, concluding as a matter of law that Gonzalez & Farago did not owe a duty of care with respect to the gate because the uncontroverted evidence demonstrated that the work Gonzalez & Farago agreed to, and actually performed at the Chimenti's Baking Company, was unrelated to the gate. We conclude that no triable issues of fact exist as to appellant's claim. The trial court properly granted summary judgment, and accordingly we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Parties and the Accident

Appellant Ana Yanez's husband, Rigoberto Yanez, worked for Chimenti's Baking Company in Los Angeles. On August 15, 2011, Mr. Yanez was killed when a horizontal sliding driveway gate (the Gate) located on the premises of the baking company, fell on Mr. Yanez as he attempted to slide the Gate open.

A Cal/OSHA investigation report described the accident as follows: "While exiting the facility, [Mr. Yanez] positioned himself at the exterior sidewalk area and engaged in the operation of attempting to manually move an approximately 20 foot long by 8 foot high metal horizontal sliding gate. The sliding horizontal gate which contained broken and missing floor rails, stops, and devices inadvertently traveled passed [sic] its limits beyond the vertical post. The gate fell and struck [Mr. Yanez's] body against the cement driveway causing severe trauma." The Cal/OSHA report concluded the accident was caused because the Gate lacked safety devices. As part of its investigation, Cal/OSHA noted that at least one of the "stops" that would have prevented the accident was broken and that presence of rust on the stop suggested that it had been broken for

2

some time before the accident. Cal/OSHA issued several citations to Chimenti's Baking Company for violation of OSHA regulations.

Respondent Gonzalez & Farago is a gate automation and entry system contractor. Although Gonzalez & Farago installs and repairs automated gates and entry systems, Gonzalez & Farago did not design, manufacture, or install the Gate or any of the Gate's components parts.[1] In the summer of 2007, some four years before the accident, Chimenti's Baking Company hired Gonzalez & Farago to work on the pedestrian entrances to its property.

In a July 12, 2007 letter, Gonzalez & Farago described modifications to the front and rear pedestrian entrances it proposed to perform. The letter agreement set forth the terms and conditions to which Gonzalez & Farago and Chimenti's Baking Company agreed, specifically describing the electrical modifications to the front and rear pedestrian gates, as well as (in handwriting) conduit and concrete installations pertaining to the rear pedestrian entrance. Although the subject or "Re" line at the top of the letter stated, "[s]ecuring of two pedestrian gates and one manual roll-gate," nothing in the body of the agreement, pertains to work by Gonzalez & Farago on any "manual roll-gate" or the Gate which was involved in the accident. In fact, when asked about the "Re" line during his deposition, Gonzalez & Farago supervisor Victor Diaz, who performed the work at Chimenti's Baking Company indicated that he had no idea what the "Re" line meant with respect to "securing" a manual roll-gate. Diaz confirmed in his declaration that the subject line in the letter referring to manual roll-gate was erroneously included in the letter because Gonzalez & Farago did not perform any work on any manual gate at the Chimenti's Baking Company.

According to Diaz, the purpose of Gonzalez & Farago's work at the premises was limited to modifications to allow the front and rear pedestrian entrances to be opened

---

[1]     Pepe's Ornamental Iron Works installed the Gate at the Chimenti Baking Company.

3

electronically by pressing a button located inside the office of the Baking Company. Both the front and rear pedestrian entrances are door-size wrought-iron doors which swing open and shut, allowing pedestrians to enter or exit through the fence surrounding the Baking Company.[2]  In August 2007, a crew of employees of Gonzalez & Farago, including Diaz, performed the modifications to the pedestrian entrances to the Baking Company.  According to the August 20, 2007 invoice, the modifications to the front entrance consisted of the following:

(1) The addition of an electric strike to the front pedestrian entrance allowing it to be opened electronically; (2) The installation of a remote control button in the business office of the premises allowing the front pedestrian entrance to be opened remotely; (3) The installation of a "panic" bar and cover on the front pedestrian entrance, which allows pedestrians exiting the building to open the door manually; and (4) The installation of a spring which allowed the front pedestrian entrance to close automatically.[3]  The price set forth in the invoice, $3,322, is identical to the price set forth in the July 12, 2007 agreement which described the modifications to the front and rear pedestrian entrances. The August 20, 2007 invoice references no work having been performed by Gonzalez & Farago on any manual roll-gate or the Gate.  There was no evidence that Gonzalez & Farago ever inspected, maintained or repaired the Gate.  Further, it does not appear that

---

[2]     The front pedestrian entrance that Gonzalez & Farago worked on in 2007 is adjacent to the Gate that fell on Mr. Yanez in 2011.  The front pedestrian entrance is in an alcove in the fencing that surrounds the premises.  The Gate slides across the opening of the alcove where the front pedestrian entrance is located.  The front pedestrian entrance, however, is not physically a part of the Gate.  The rear pedestrian entrance is located on the opposite side of the property from the front pedestrian entrance and the Gate.

[3]     The modifications to the rear entrance were similar to those completed at the front entrance: (1) The addition of an electric strike to the rear pedestrian entrance allowing it to be opened electronically; (2) The addition of a button in the business office to allow the rear pedestrian entrance to be opened remotely; and (3) Conduit, for the electrical wiring necessary to remotely control the rear pedestrian entrance.

Chimenti's Baking Company ever requested Gonzalez & Farago inspect, maintain, repair or perform any work upon the Gate or its associated components.

Thereafter, Gonzalez & Farago employees returned in November 2007 to perform warranty work on the rear entrance; and on March 14, 2008 Victor Diaz of Gonzalez & Farago installed a buzzer on the front pedestrian entrance which would allow the entrance to buzz to notify pedestrians that the entrance had been unlocked.

**The Litigation**

Appellant filed a complaint alleging causes of action against Gonzalez & Farago, among others,[4] for premises liability, negligence, and products liability. Appellant claimed Gonzalez & Farago negligently failed to inspect the Gate for defects and correct any defects found, or warn Chimenti's Baking Company or Mr. Yanez of the alleged dangerous condition of the Gate.

Gonzalez & Farago filed a motion for summary judgment in which it contended that it had no duty to Mr. Yanez because it did not undertake or agree to inspect or repair the Gate, and that its work for Chimenti's Baking Company was completely unrelated to the Gate that fell on Mr. Yanez. Gonzalez & Farago supported its motion with a declaration of Diaz and the documents that described the work it performed at the baking company property.

Appellant opposed the motion,[5] and attached a declaration of a maintenance and gate expert who opined that Gonzalez & Farago had a duty to inspect and to correct

---

[4]    In addition to Gonzalez & Farago, appellant named as defendants Chimenti's Baking Company. Chimenti's Baking Company settled with appellant and is not a party to this appeal. Pepe's Ornamental Iron Works is also defendant and cross-defendant in this matter, but is not a party to this appeal.

[5]    Appellant conceded that Gonzalez & Farago had no liability under a products liability theory because it did not design, manufacture, or market the Gate. Likewise, appellant abandoned its premises liability cause of action against Gonzalez & Farago because Gonzalez & Farago did not own, occupy, or control the premises.

5

and/or warn Chimenti's Baking Company of the defects in the Gate; that the defects in the Gate likely existed at the time Gonzalez & Farago worked on the pedestrian entrances in 2007 and would have been obvious to any gate professional; and that Gonzalez & Farago's failure to correct or warn of the defects fell below the standard of care for a licensed gate professional.

Gonzalez & Farago objected to the declaration of the expert on the grounds that his opinion as to the duty to inspect or correct invaded on the trial court's responsibility to decide issues of duty. Gonzalez & Farago also objected that the expert's opinion lacked a factual foundation in the evidence, and was speculative and conclusory as to the condition of the Gate at the time it performed work at Chimenti's Baking Company.

On August 5, 2013, the trial court heard and granted the motion for summary judgment. The trial court ruled, inter alia, that since Gonzalez & Farago was not hired to, and did not perform repairs on the Gate, it had no duty to inspect the Gate for defects and neither correct them or warn others of the danger. The trial court further sustained Gonzalez & Farago's objections to the declaration of appellant's expert.[6]

The court entered judgment for Gonzalez & Farago, and this timely appeal followed.

***DISCUSSION***

## I.      Standard of Review

"[T]he party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850, fn. omitted; *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334; Code Civ. Proc., § 437c, subd. (c).) A defendant may show entitlement to summary judgment either by showing one or more

---

[6]      The trial court also declined to rule on appellant's objections to Gonzalez & Farago's evidence submitted in support of the motion for summary judgment because appellant included the objections only in her separate statement of undisputed facts and failed to submit them in the form required by the California Rules of Court.

elements of each cause of action cannot be established, or by establishing an affirmative defense. (Code Civ. Proc., § 437c, subd. (n).) "Once the [movant] has met that burden, the burden shifts to the [other party] to show that a triable issue of one or more material facts exists as to that cause of action . . . ." (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co., supra*, 25 Cal.4th at p. 850.) The party opposing summary judgment "may not rely upon the mere allegations or denials of its pleadings," but rather "shall set forth the specific facts showing that a triable issue of material fact exists . . . ." (Code Civ. Proc., § 437c, subd. (p)(2).) A triable issue of material fact exists where "the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co., supra*, 25 Cal.4th at p. 850.)

The standards applicable to appellate court review of a motion for summary judgment 'are well established. (See Code Civ. Proc., § 437c; *Aguilar v. Atlantic Richfield Co., supra,* 25 Cal.4th 826.) We determine de novo whether a triable issue of material fact exists and whether the moving party was entitled to summary judgment as a matter of law. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

In reviewing a motion for summary judgment, we must consider all of the evidence and all of the inferences reasonably drawn therefrom, and we must view such evidence in the light most favorable to the opposing party. (*Aguilar v. Atlantic Richfield Co., supra*, 25 Cal.4th at p. 843.) A triable issue of fact exists when the evidence reasonably permits the trier of fact, under the applicable standard of proof, to find the purportedly contested fact in favor of the party opposing the motion. (*Id*. at p. 850.) A material issue of fact may not be resolved based on inferences, if contradicted by other inferences or evidence. (See Code Civ. Proc., § 437c, subd. (c); *Aguilar v. Atlantic Richfield Co., supra*, 25 Cal.4th at p. 856.) "[T]he court may not weigh the plaintiff's evidence or inferences against the defendants as though it were sitting as the trier of fact," but must determine the question of law of "what any evidence or inference *could show or imply to a reasonable trier of fact*." (*Aguilar v. Atlantic Richfield Co.,* 25 Cal.4th at p.

7

856.) Where the evidence and inferences would allow a reasonable trier of fact to find the underlying fact in favor of a plaintiff in accordance with the applicable standard of proof, then a defendant's motion for summary judgment must be denied. (*Id*. at p. 850; accord, *Faust v. California Portland Cement Co.* (2007) 150 Cal.App.4th 864, 877.) In sum, the aim of the summary judgment procedure is to discover, through the supporting papers, whether the parties possess evidence requiring the weighing procedures of a trial. (*Oakland-Alameda County Coliseum, Inc. v. Oakland Raiders, Ltd.* (1988) 197 Cal.App.3d 1049, 1055.)

With respect to appellate review of the trial court's evidentiary rulings on the evidence submitted in connection with the motion, our Supreme Court has not yet determined whether we review the trial court's evidentiary rulings for abuse of discretion or de novo. (See *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 535 ["we need not decide generally whether a trial court's rulings on evidentiary objections based on papers alone in summary judgment proceedings are reviewed for abuse of discretion or reviewed de novo"]; but see *Miranda v. Bomel Construction Co., Inc.* (2010) 187 Cal.App.4th 1326, 1335 ["'the weight of authority holds that an appellate court reviews a court's final rulings on evidentiary objections by applying an abuse of discretion standard'"].) We need not decide this issue here, as our conclusion would be the same applying either standard of review.

## II. The Trial Court Properly Granted Summary Judgment

Appellant argues that the trial court erred in granting summary judgment. She contends that Gonzalez & Farago failed to carry its initial burden on summary judgment because it failed to present expert evidence that its conduct was within the governing standard of care for a licensed gate contractor. Appellant also maintains that triable issues of fact exist with respect to whether (1) Gonzalez & Farago agreed to work on the Gate which caused Mr. Yanez injuries; and (2) Gonzalez & Farago had a duty to inspect, warn and repair the Gate and failed to do so. Appellant also complains that the court erred in granting Gonzalez & Farago's objections to their expert's declaration which

8

established both the scope of Gonzalez & Farago's duty of care and the breach of the duty.

## A. No Triable Issue on Duty of Care

"An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff." (*United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 594.) The existence of a duty is a question of law to be decided by the court. (*Isaacs v. Huntington Memorial Hospital* (1985) 38 Cal.3d 112, 124; *Knight v. Jewett* (1992) 3 Cal.4th 296, 313 [Duty, being a question of law, is particularly amenable to resolution by summary judgment].)

"An independent contractor repairer may owe a duty to a third party injured by the equipment repaired if: (1) the repairer negligently performs the repair causing the third party's injury; (2) the repairer negligently fails to make a requested repair causing the third party's injury; (3) the repairer has contracted with the owner to inspect and maintain the equipment and fails to do so or to do so properly; or (4) the repairer has voluntarily assumed the owner's duty to inspect and maintain the safety of the equipment or undertaken a systematic inspection of the equipment and fails to do so or to do so properly. The independent contractor repairer owes no duty to a third party injured by equipment repaired by the contractor where the injury does not arise out of the repair and is unrelated to the repair. Such a repairer owes no duty to a third party to inspect the equipment and advise the owner of any design defects of the equipment." (*Seo v. All-Makes Overhead Doors* (2002) 97 Cal.App.4th 1193, 1206.)

In this case, Gonzalez & Farago asserted, and the trial court found, that appellant could not establish the "duty" element of appellant's cause of action for negligence.

The uncontroverted evidence in the record shows that Gonzalez & Farago did not manufacture or install the Gate. Gonzalez & Farago did not perform any repair work on the Gate, did not fail to make any requested repairs to the Gate, and did not voluntarily assume any duty belonging to Chimenti's Baking Company to inspect and maintain the

9

safety of the Gate or undertake a systematic inspection of the Gate. Accordingly, Gonzalez & Farago owed no duty to Chimenti's Banking Company or Mr. Yanez in the absence of a contract to inspect and maintain the Gate. Appellant claims that there is a triable issue of fact as to whether Gonzalez & Farago undertook a duty to inspect and warn of the defects in the Gate based on its contract to perform modifications on the pedestrian entrances. We disagree.

The documents evidencing the terms of agreement between Chimenti's Baking Company and Gonzalez & Farago and the evidence provided by Gonzalez & Farago supervisor Diaz describing the work actually performed by Gonzalez & Farago at the baking company show that the scope of the parties' contractual relationship was limited to modifications to the front and rear pedestrian entrances to the property. The only evidence that raises any possibility of a broader scope of work is the subject or "Re" line in Gonzalez & Farago's July 12, 2007 proposal letter, which referred to "securing" a "manual roll-gate." This isolated reference to a "manual roll-gate" does not, in our view, give rise to a reasonable inference that Gonzalez & Farago had agreed to inspect or repair the Gate.

First, the reference is vague; the meaning of the words "securing" and "manual roll-gate" is unclear; it is not certain that the description is intended to refer to the Gate that fell on Mr. Yanez. Second, the terms and conditions included in the body of the agreement exclude any reference to work on any gate at the premises. The evidence in the record supports the inference that the reference to the manual roll-gate was included in the letter by mistake. Although Diaz stated in his deposition that he was not sure what "securing" meant, in his declaration he clarified that the subject line was erroneously included in the letter. Consequently, the letter argument does not give rise to a reasonable inference that Gonzalez & Farago agreed to inspect and perform work on the Gate. Indeed, all of the other evidence, including the invoices reflecting the services performed, the work actually completed by Gonzalez & Farago, and the subsequent conduct of the parties (Chimenti's Baking Company and Gonzalez & Farago) to the

10

contract, demonstrates the agreed upon scope of the work was limited to modifications on the pedestrian entrances. In view of the evidence presented, a reasonable trier of fact could reach only one conclusion from the evidence – Chimenti's Baking Company and Gonzalez & Farago did not include the inspection, maintenance or repair of the Gate in their agreement.

Because the work Gonzalez & Farago actually performed at Chimenti's Baking Company was unrelated to the Gate, and because it was beyond the scope of its contract, Gonzalez & Farago had no duty to Chimenti's Baking Company or any third party to inspect, warn and repair the Gate at issue in this litigation. (See *Seo v. All-Makes Overhead Doors, supra,* 97 Cal.App.4th at p. 1206.)[7] As a result, Gonzalez & Farago was entitled to summary judgment.

### B. No Error in Sustaining Objections to Appellant's Expert

The trial court properly rejected appellant's expert declaration.

A person who qualifies as an expert may give testimony in the form of an opinion if the subject matter of that opinion "is sufficiently beyond common experience that the opinion of [the] expert would assist the trier of fact." (Evid. Code, § 801, subd. (a).) However, even when the witness qualifies as an expert, he or she is not free to express any opinion within the area of expertise. (*Summers v. A.L. Gilbert Co.* (1999) 69 Cal.App.4th 1155, 1178.) The value of opinion evidence rests not in the conclusion reached but in the factors considered and the reasoning employed. (*Pacific Gas & Electric Co. v. Zuckerman* (1987) 189 Cal.App.3d 1113, 1135.) Where an expert bases his conclusion upon assumptions which are not supported by the record, upon matters

---

[7] In reaching this conclusion we also reject appellant's argument that Gonzalez & Farago failed to carry its initial burden on summary judgment because it failed to present expert evidence that its conduct was within the governing standard of care for a licensed gate contractor. Because it owed no legal duty of care to Chimenti's Baking Company or any third party with respect to the Gate, Gonzalez & Farago was not required support its motion with expert evidence on the standard of care—such evidence would not have been relevant.

11

which are not reasonably relied upon by other experts or upon factors which are speculative, remote or conjectural, then his conclusion has no evidentiary value and may be excluded by the court. (*Ibid.; Hyatt v. Sierra Boat Co.* (1978) 79 Cal.App.3d 325, 338-339.) Similarly, when an expert's opinion is purely conclusory because unaccompanied by a reasoned explanation connecting the factual predicates to the ultimate conclusion, that opinion has no evidentiary value because an expert opinion is worth "no more than the reasons and factual data upon which they are based." (*Kelley v. Trunk* (1998) 66 Cal.App.4th 519, 523-525.) In those circumstances the expert's opinion cannot rise to the dignity of substantial evidence. (*Pacific Gas & Electric Co. v. Zuckerman, supra,* 189 Cal.App.3d at p. 1136.)

Appellant's expert's declaration had no evidentiary value and was properly excluded. Opinions expressed by the expert including his interpretation of the contract and the determination of whether conflicts in the evidence existed are legal matters for the trial court, not appellant's gate and maintenance expert. To the extent that appellant's expert stated that Gonzalez & Farago had a duty to inspect, warn and repair the Gate based on the contract between the parties, the expert's opinion is legally irrelevant because as discussed elsewhere here, inspection and maintenance of the Gate was beyond the agreed upon scope of Gonzalez & Farago's work for Chimenti's Baking Company. Finally, the expert's view that Gonzalez & Farago should have noticed the defects in the Gate when it visited Chimenti's Baking Company is based on speculation. The expert's assumption was based on the Cal/OSHA report in which OSHA concluded that rust on one of the stops for the Gate suggested that the Gate had been defective for some time prior to the accident. Even if the statement in the OSHA report demonstrates that the defects in the Gate predated the 2011 accident, the statement does not establish that the defects existed in 2007 when Gonzalez & Farago visited the premises. Thus, expert's opinion lacks a sound factual foundation in the record.

Based on all of the foregoing, the court properly granted Gonzalez & Farago's motion for summary judgment.

12

*DISPOSITION*

The judgment is affirmed.  Respondent is entitled to its costs on appeal.

IWASAKI, J.[*]

**We concur:**

**PERLUSS, P. J.**                          **ZELON, J.**

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.